ERIC L. WESENBERG (State Bar No. 139696)
MICHAEL F. HEAFEY (State Bar No. 153499)
SANJEET K. DUTTA (State Bar No. 203463)
THERESA A. SUTTON (State Bar No. 211857)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
SUNRISE TELECOM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUNRISE TELECOM INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACTERNA, LLC, a Delaware Limited Liability Company,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.  04-01601 FMS<br><br>**REVISED** [**PROPOSED**] **ORDER GRANTING SUNRISE TELECOM'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:        June 7, 2005<br>Time:       9:00 A.M.<br>Courtroom:   E, 15th Floor<br><br>**Honorable Elizabeth D. Laporte** |

On June 7, 2005 at 9:00 A.M. in this Court, Plaintiff/Counterdefendant Sunrise Telecom Incorporated's Motion to Compel came on regularly for hearing. Sunrise and Defendant/Counterplaintiff Acterna, LLC appeared through their respective counsel of record. Based on the papers filed by the parties, oral argument and the record in this action, and good cause appearing, IT IS HEREBY ORDERED that Sunrise's Motion to Compel is GRANTED.

Acterna must engage in and complete a reasonably diligent search of its records and produce the following materials that are located in that search:

1.  All non-privileged email, correspondence, notes, and memoranda responsive to all of Sunrise's Request Nos. 1–166, consistent with this order and subject to Acterna's objections;

2.  All non-privileged financial data including quarterly and annual statements, forecasts, and costs of manufacturing, as well as information related to profitability, pricing, and revenue for the ANT-5 and ANT-20 (Request Nos. 139, 140–142, and 146–150);

3.  All non-privileged documents related to market analyses for any of the Sunrise Accused Products (Request No. 152);

4.  All non-privileged marketing, sales and distribution materials relating to the ANT-5 and ANT-20 products and products embodying the '766 Patent, including organization charts, brochures or other marketing collateral, trade show information, advertisements, presentations, market surveys, and market analyses (Request Nos. 13-16, 59, 64, 66, 67, 79–84, 100, 138, and 139);

5.  All non-privileged information regarding Acterna's competitors in the markets relevant to this action (Request No. 144);

6.  All service agreements, agreements to supply replacement parts and authorized dealer agreements for the ANT-5 and ANT-20 products (Request No. 134);

7.  All materials relating to negotiations, meetings or contracts with any person that makes, uses, sells or offers for sale the ANT-5 and ANT-20 products (Request No. 137);

8.  All non-privileged communications with or about Acterna's actual or potential customers of the ANT-5 and ANT-20 products (Request Nos. 135 and 143);

9.  All non-privileged documents sufficient to show the location and cost of manufacturing the ANT-5 and ANT-20 products (Request Nos. 136 and 140);

10. Parts lists for the SDA 4040 and SDA 5000 products (Request Nos. 93 and 94);

11. The information stored on the 50 CDs reviewed by Sunrise on May 4, 2005, which has not already been produced will be produced to the extent possible;

   the parties will meet and confer regarding the production of documents that are unreadable, corrupt or unidentifiable file formats;

   12. All non-privileged documents related to any evaluation of Acterna's Intellectual Property (Request No. 145);

   13. All non-privileged documents that identify Acterna employees or agents who inspected or reverse engineered the SUNRISE ACCUSED PRODUCTS and communications related thereto (Request No. 161); and

   14. All non-privileged documents responsive to Request Nos. 17, 55–72, 85–92, 100, 106–108 that have not already been produced, subject to Acterna's objections;

With respect to Acterna's response to Request No. 161, the Parties agree to the following protocol:

   a) Acterna will send an email substantially as follows to its engineering staff seeking information and documents on the following type of inspection: "We are interested in individuals who have physically inspected (including any disassembly, use or reverse engineering, but not merely viewing the device externally) any Sunrise Accused Product (CM250, CM500, CM1000, N1776A, AT2000, and/or AT2500) at the direction of anyone on Acterna's behalf or for purposes of a) determining how the device is manufactured and/or operates or b) for purposes of comparing such product(s) to any Acterna product. Please respond to this email if you have engaged in any such inspection or know of anyone who has."

   b) Acterna's counsel will then request details on the inspection and all documents related to the inspection.

   c) Acterna will produce all non-privileged documents relating to such inspections that are obtained in response to this email, if any. These documents will supplement the documents that Acterna has already produced in response to Request for Production Nos. 157 and 159-162. To the extent Acterna receives responsive documents after June 28, 2005, Acterna will remain obligated to produce all non-privileged materials. Acterna must, however, make its best effort to conclude this process by July 15, 2005.

   d) If, as a result of this email, Acterna learns of any additional such inspections it will supplement its responses to Interrogatory Nos. 10-12 accordingly (subject to attorney/client privilege and attorney work product objections). To the extent responses are received after June 28, 2005, Acterna will have a continuing obligation to supplement its responses to such interrogatories. Acterna must, however, make its best effort to conclude this process by July 15, 2005.

DOCSSV1:411026.3 - 2 - **REVISED** [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION
04-01601 FMS

   e)  If privileged documents (generated prior to commencement of this litigation) are obtained in response to this email, they will be identified on a privilege log in accordance with F.R.C.P. and the Court's Order Re Discovery Procedures.

   f)  The Parties agree that by taking these steps, Acterna will have fulfilled all of its discovery obligations with respect to Interrogatory Nos. 10-12 and Request for Production Nos. 157 and 159-162, regardless of whether any additional documents or information are obtained as a result of this email.

In addition, the Parties will meet and confer regarding the production of additional financial data, which Acterna contends is contained in electronic form only. Acterna will generate all reports containing responsive data from its electronic systems that Sunrise reasonably requests.

Acterna is ordered to complete its production of documents in response to Sunrise's First through Seventh Sets of Requests for Production of Documents by June 28, 2005, and include an accompanying declaration of the Acterna person most knowledgeable attesting that all reasonable and diligent search efforts have been made and that all non-privileged documents have been produced;

Acterna is further ordered to produce a sample SF-60 device it has located and is ordered to use best efforts to produce that device in proper working order;

Acterna is further ordered to produce a privilege log in compliance with the Court's standing discovery order. Such log must be produced by June 28, 2005;

The Court further revises its May 31, 2005, Order resulting from Acterna's Motion to Compel by extending until June 28, 2005, the date for Sunrise to complete its production of documents in response to Acterna's First and Second Sets of Requests for Production of Documents. As set forth in the prior Order, Sunrise shall include an accompanying declaration of the Sunrise person most knowledgeable attesting that all reasonable and diligent search efforts have been made and that all non-privileged documents have been produced. Except as expressly revised herein, that Order is in full force and effect.

///

///

1  **IT IS SO ORDERED**.

2  Dated:   June 21, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge